GIIyMER, J.
This was an action of covenant brought by Graham, to recover of Bardin damages for a breach of warranty of the soundness of a slave, sold by Bardin to him. At the trial the defendant moved the court to instruct the jury, that if they should be satisfied from the evidence, that the plaintiff, (after the sale and deliver}' of said slave,) alleging that he was unsound, proposed to return him to the defendant, and to rescind the contract, and the defendant refused to receive him; and that the plaintiff afterwards sold said slave, and received to his own use the proceeds.of sale “without notice to the defendant of the time and place of sale, and that it would be made on account and at the risk of the defendant — then the plaintiff is not entitled to recover in this action, though the jury should believe, that at the time of sale the said slave was unsound;” which instruction the court gave. In giving this instruction, I think the court clearly erred, as a brief statement of the law will show. When a vendee of personal property, takes from the vendor a warranty of soundness, and gets possession of the property under his purchase, if he becomes satisfied that the property was unsound at the time of the sale, he has a right to pursue one of two courses; either to keep the property and sue the vendor on the covenant, or to return the property in a reasonable time and sue for the purchase money. In the first case, if the vendee keeps the property, and recovers from the vendor the difference between the value of the property sound, as warranted to be, and unsound as it was, at the time of sale, he will have all he is entitled to. In the other case, if the vendor takes back the property, then the contract is rescinded, and if he pays to the vendee the purchase money, there being no question *as to expenses for keeping, &c., then the parties are placed in “statu quo.” But suppose as in this case, the vendor refuses to take back the property, he thereby virtually denies the breach of warranty alleged by the vendee, and by keeping the price of the property and refusing to rescind the contract, he insists upon it. What now are the rights of the parties? The vendor has made a warranty which has been broken, the property has been tendered to him, he has been notified of its unsoundness, and he has refused to take it back; on the other hand, the vendee has done no wrong, been guilty of no neglect, but has proposed in a reasonable time, to restore the property and to rescind the contract, and has been prevented from doing so by the wrongful act of the vendor; or, as has been already stated, by the vendor refusing to rescind and insisting on the contract — and yet by the instruction of the court, when he sues on the warranty and meets the vendor on his own ground, he is to be defeated, because he proposed a rescission of the contract to which the vendor wrongfully refused to accede. This mistake (no doubt) grew out of some loose expressions in some of the cases in which it is stated that the vendee may rescind the contract. The vendee when he discovers that the property warranted sound, is unsound, may elect to abandon the contract, and if he offers to restore the property in a reasonable time, and the vendor refuses to receive it, he (the vendee) having done all in his power, may regard the contract as rescinded for the purpose of enabling him to sue for the purchase money; and this is the true meaning of the cases referred to by the appellee’s counsel, as I understand them.
To allow the vendor to defeat the vendee’s action on his warranty, by permitting him after he was sued to hold a contract as rescinded, which before suit he insisted on and refuses to rescind, would be contrary to justice, to common sense and to law; it would be permitting him to take advantage of his own wrong. Chitty on Contracts, 458-9. I am of opinion that the Circuit *Court erred in giving the instruction asked by the defendant, in refusing to give the instruction asked for the plaintiff, and in rejecting the plea of non est factum tendered by the defendant. I am for reversing the judgment.
The decree entered was as follows, all the judges concurring:
*528 This court is"of opinion that the Circuit Court erred, in giving the instruction asked for by the defendant, and mentioned in the plaintiff’s first bill of exceptions; and in refusing the instruction mentioned in the second bill. Therefore it is considered by the court here, that the judgment of the court below be reversed and annulled with costs, that the verdict of the jury be set aside, and the cause remanded to the Circuit Court for the county of Henrico for a new trial to be had therein, upon which the instruction spread out in the first bill of exceptions is not to be repeated; and the said court is directed to permit the defendant, if he shall desire to do so, to amend his pleadings by filing the plea heretofore offered and rejected, or any other proper plea that he may offer in due time.